IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-0969-LTB-MEH

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.

TXI OPERATIONS, LP, d/b/a TXI-Boulder,
    Defendant.

## STIPULATED PROTECTIVE ORDER

Under Rule 26(c), FED. R. CIV. P., upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of personnel and medical files, trade secret or other confidential research, development or commercial information, IT IS ORDERED:

1.    A Party may designate as CONFIDENTIAL any document produced (including information disclosed pursuant to FED. R. CIV. P. 26) or discovery response (*e.g.* document, interrogatory response, response to request for production, response to request for admission or deposition testimony) containing confidential information, if the Party in good faith contends that the document produced, response, or testimony contains information in one of the following categories:

a. personnel and medical files and similar files, the disclosure of which would constitute an unwarranted invasion of personal privacy, which is agreed to include medical and financial records including but not limited to tax returns, contracts and

terms of any employment after Defendant, names of health care providers and documents reflecting medical treatment or diagnosis for any current or former employees of Defendant and other individuals or entities, including class members, who may become involved in the case, and

      b.  trade secrets or other confidential research, development or commercial information of Defendant.

(collectively, the "Confidential Information").

      2.      As used in this Stipulated Protective Order, "document" is defined as provided in Rule 34(a), FED. R. CIV. P.  A draft or non-identical copy is a separate document within the meaning of this term.

      3.      Confidential Information shall not be disclosed or used for any purpose except the investigation, preparation and trial of this case.  The duty to keep Confidential Information survives the completion of this case.

      4.      As a condition of designating documents for confidential treatment, the documents must be reviewed by counsel of record for the designating Party and a good faith determination must be made that the documents and/or information are "Confidential" as defined in ¶ 1 of this Stipulated Protective Order. —

      5.      A Party designating documents as Confidential Information may do so by marking such material with the legend "Confidential."

      6.      Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as "Confidential" and shall be subject to the provisions of this Protective Order.  Such designation shall be made on

the record during the deposition whenever possible, but a Party may designate portions of depositions as Confidential after transcription, provided written notice is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7. All Confidential Information designated "Confidential" may be reviewed only by the following persons:

    a. attorneys actively working on this case;

    b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the investigation and preparation of the case, at trial, or at other proceedings in this case;

    c. the Parties, including Plaintiff class members, and designated representatives for the Defendant;

    d. expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e. the Court, jurors and/or court staff in any proceeding herein;

    f. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g. deponents, witnesses, or potential witnesses;

    h. other persons by written agreement of the Parties; and

          i.      other persons for whom the EEOC must produce such confidential information in order to comply with the Freedom of Information Act and corresponding regulations;

        <u>provided, however</u>, that as to any trade secrets or other confidential research, development or commercial information of Defendant, Plaintiff shall <u>not</u> disclose such information to anyone under paragraph 7.d, 7g , 7.h or 7.i without first obtaining written consent of Defendant or giving Defendant eleven (11) days' written notice of its intention to disclose the information and the name, address, phone number, employer of the person to whom it intends to disclose the information, and the purpose of the disclosure, so that Defendant may seek further relief from the Court to protect such information from disclosure.

    8.      Before the Parties or their counsel may disclose any "Confidential" information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of the Stipulated Protective Order and shall be orally advised that a Court Order prohibits such person from discussing or reviewing said information, except for the purpose of providing testimony at a deposition, hearing or trial.  Counsel shall obtain from such person a written acknowledgement stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such acknowledgements shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

9. A Party may object to the designation of particular Confidential Information by giving written notice to the Party who designated the disputed information and all other Parties to the civil action. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as Confidential Information to file an appropriate motion within eleven (11) days of the end of the above-described ten-day period requesting that the Court determine whether the disputed information should be subject to the terms of this Stipulated Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Stipulated Protective Order until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed period, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the Party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

If a Party seeks to disclose the content of any Confidential Information in any pleading, motion, deposition, transcript exhibit or other document, or to otherwise use Confidential Information in any court proceeding in this action, including but not limited to its use at trial, that Party shall first take all appropriate steps to protect it from disclosure, including but not limited to submission of the information to the Court under

seal, and has given the opposing side an opportunity to object to its use, including but not limited to submission of such information to the Court under seal.  Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the Party seeking to file the documents under seal.  Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3.

      10.    At the conclusion of this case, the trial of this case, or any subsequent appeal, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as confidential shall be destroyed.   The destroying Party shall provide all Parties with an affidavit confirming the destruction.  The EEOC, however, shall be permitted to retain any confidential documents to the extent required to do so to comply with the Freedom of Information Act and other statutes.

      11.    Notwithstanding the foregoing provisions, nothing contained herein shall be construed as a waiver of any objection which might be raised as to the authenticity or admissibility of any Confidential Information produced or disclosed.

      12.    Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under FED. R. CIV. P. 26(c) or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at Denver, Colorado this 5th day of June, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

So Stipulated:

|  |  |
|---|---|
| s/ Kim R. Rogers<br>/s/<br>Kim R. Rogers, Trial Attorney<br>EEOC, Denver Field Office<br>303 E. 17th Ave., Ste. 510<br>Denver, CO 80203<br>303-866-1361<br><br>Mary Jo O'Neill, Regional Attorney<br><br>Nancy Weeks, Supervisory Trial Attorney<br><br>Rita Byrnes Kittle, Trial Attorney<br><br>**ATTORNEYS FOR PLAINTIFF**<br>**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | s/ Christopher M. Leh<br>/s/<br>Christopher M. Leh<br>Judith Biggs<br>Holland & Hart LLP<br>One Boulder Plaza<br>1800 Broadway, Suite 300<br>Boulder, Colorado  80302<br>303-473-2700<br><br>Steven M. Gutierrez<br>Holland & Hart LLP<br>555 17th Street, Suite 3200<br>Denver, CO 80202<br>303-295-8000<br><br>Christie L. Ryan<br>Holland & Hart LLP<br>90 South Cascade Avenue, Suite 1000<br>Colorado Springs, CO 80903<br>719-475-7730<br><br>**ATTORNEYS FOR DEFENDANT**<br>**TXI OPERATIONS, LP** |